UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WALTER JAMES ATKINS,

    Plaintiff,

vs.                              CASE NO.:

ED CASTRO LANDSCAPE,
INC., A GEORGIA
CORPORATION, AND
EDWARD CASTRO,
INDIVIDUALLY,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, WALTER ATKINS, by and through the undersigned attorney, sues the Defendants, ED CASTRO LANDSCAPE, INC., a Georgia Corporation, and EDWARD CASTRO, Individually, and alleges:

1. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiff was a salary paid employee who has worked for

1

Defendants in Fulton County, Georgia, among other locations, from approximately 2011 to December 3, 2016.

3.  Defendant, ED CASTRO LANDSCAPE, INC., is a Georgia Corporation that operates and conducts business in, among other locations, Fulton County, Georgia and is therefore, within the jurisdiction of this Court.

4.  At all times relevant to this action, EDWARD CASTRO was an individual resident of the State of Georgia, who owned and operated ED CASTRO LANDSCAPE, INC., and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of ED CASTRO LANDSCAPE, INC. By virtue of having regularly exercised that authority on behalf of ED CASTRO LANDSCAPE, INC., EDWARD CASTRO is an employer as defined by 29 U.S.C. § 201, et seq.

5.  This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

6.  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

7.     During Plaintiff's employment with Defendants, Defendant, ED CASTRO LANDSCAPE, INC., earned more than $500,000.00 per year in gross sales.

8.     During Plaintiff's employment with Defendants, Defendant, ED CASTRO LANDSCAPE, INC., employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

9.     Included in such goods, materials and supplies were computers, telephones, vehicles, office equipment and furniture, gasoline, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

10.    Therefore, Defendant, ED CASTRO LANDSCAPE, INC., is considered an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

11.    At all times relevant to this action, Defendants failed to comply with the FLSA by failing to pay Plaintiff overtime compensation for overtime hours worked by him.

12.    Specifically, based on information and belief, Defendants classified Plaintiff as an exempt employee.

13. However, Plaintiff's job duties were not those of an exempt employee.

14. Plaintiff's primary duties were general landscape duties, i.e., cutting grass, weeding, edging and pruning.

15. Plaintiff did not hire or fire employees of Defendants.

16. Plaintiff did not regularly supervise two or more full-time employees of Defendants at all times.

17. As a result of Plaintiff's job duties, Plaintiff should have been classified as a non-exempt employee.

18. During his employment with Defendants, Plaintiff routinely worked overtime hours.

19. Even though Plaintiff routinely worked overtime hours, Defendants failed to pay Plaintiff any overtime compensation whatsoever for these overtime hours worked.

20. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION

21. Plaintiff reincorporates and readopts all allegations contained

within Paragraphs 1-20 above.

22. Plaintiff was entitled to be paid overtime compensation for overtime hours worked on behalf of Defendants.

23. During his employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

24. Based on information and belief, Plaintiff was misclassified as exempt, but should have been paid overtime compensation during his employment with Defendants. *See* ¶¶ 11-19.

25. Defendants did not have a good faith basis for their decision to classify Plaintiff as exempt from overtime.

26. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

27. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

28. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, WALTER JAMES ATKINS, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief,

and any and all further relief that this Court determines to be just and appropriate.

Dated this 6th day of December, 2017.

>/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com
*Attorneys for Plaintiff*